## Gerst et al. v. The Western & Southern Life Insurance Co. et al.

*Insurance — Change of beneficiary — Insufficient proof of fraud —
Beneficiary not related to insured.*

Since one may insure his life for the benefit of a stranger, fraud
is not established by the mere fact that upon the death of a
beneficiary who was related to the insured, a person who was
not so related secured his name to be endorsed as beneficiary
in consideration of past favors bestowed by him upon the
insured.

(Decided October 29, 1917.)

Error:   Court of Appeals for Cuyahoga county.

*Mr. H. L. Thomas,* for plaintiffs in error.
*Mr. Martin L. Sweeney,* for defendants in error.

Lieghley, J.   The parties stood in the same
order in the court below.

In the year 1913 Frank Livenbroe took out a
policy of insurance in The Western & Southern
Life Insurance Company on his own life and named
his mother, Eunice Hughes, as beneficiary.   Said
beneficiary died April 1, 1916, and James H. Len-
non was appointed administrator of her estate.
Shortly thereafter the insured went to the insurance
company and caused an endorsement to be placed
upon the policy, naming Leo M. Lennon, son of
James H. Lennon, as beneficiary.   The insured died
June 29, 1916, leaving the plaintiffs, Mary Gerst
(Gertz) and William Livenbroe, his brother and
sister, as his next of kin, as they claimed.

Plaintiffs filed their petition in the court below
against the said life insurance company and Leo
M. Lennon.

The first cause of action is simply that the insurance company is indebted under said policy to plaintiffs. And the second cause of action charges the said Leo M. Lennon with having procured said endorsement on the policy by fraud.

The insurance company, by way of interpleader, paid the amount due under said policy into court, and named the children of the insured as additional claimants of the fund, who thereupon filed answers claiming such fund.

The cause came to trial in the court below, and upon the close of all the proof the court directed a verdict in favor of the defendant, Leo M. Lennon, from which verdict and judgment error is prosecuted to this court to reverse the same.

At the death of the insured, Leo M. Lennon was the beneficiary named in the policy. He was not in any way related to the insured. The testimony tends to show that the insured caused him to be named as beneficiary after the death of the first beneficiary in payment for past favors bestowed by Leo upon him. The issue made by the pleadings was one of fraud. The bill of exceptions before us is certified by the trial judge as being correct, but further certified by the trial judge as being incomplete and not containing all the evidence. So far as this bill discloses, the only thing that may be relied upon to support the claim of fraud is the fact that the second beneficiary was named in the endorsement and that he is not related to the insured. That fact alone will not establish fraud in the procurement of the endorsement on the policy.

Something was said about an absence of insurable interest. A man may cause his own life to be

insured for the benefit of a stranger. *Ryan* v. *Roth-weiler et al.,* 50 Ohio St., 595, 601.

These claimants are not allowed to object that the beneficiary named in the policy had no insurable interest under the circumstances of this case. *Keckley et al., Exrs.,* v. *Coshocton Glass Co.,* 86 Ohio St., 213.

From the record that is before us we are unable to say that any prejudicial error intervened in the trial of the case below, and the judgment is therefore affirmed.

GRANT and CARPENTER, JJ., concur.